USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 5/15/2019

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
LESLIE F. PRINCE, PRINCE SERVICES
INTERNATIONAL INC.,

          Plaintiffs,

-against-

THE GOVERNMENT OF THE PEOPLE'S
REPUBLIC OF CHINA et al.,

          Defendants.

13 Civ. 2106 (AT)

**ORDER TO
<u>SHOW CAUSE</u>**

ANALISA TORRES, District Judge:

Plaintiff Leslie F. Prince, an independent consultant,[1] helped facilitate a development project in Addis Ababa, Ethiopia, between two Chinese construction companies and Ethiopian Airlines. He brings this action, alleging that the Chinese companies and Ethiopian Airlines breached their respective contracts to provide him with an equity stake in the project and a finder's fee. Compl., ECF No. 1. For the reasons stated below, Plaintiff must show cause why the action should not be dismissed for lack of subject matter jurisdiction and personal jurisdiction.

## BACKGROUND

On March 29, 2013, Plaintiff brought this action against a number of foreign individuals and entities (collectively, "Defendants"). *Id.* On July 2, 2013, Ethiopian Airlines and its former Chief Executive Officer, Girma Wake, (collectively, the "Dismissed Defendants") moved to dismiss the claims against them. ECF No. 18. Additionally, on July 22, 2013, Plaintiff moved for default judgment against Defendant the Government of the People's Republic of China ("China") in the amount of $34 million. ECF No. 24. On March 31, 2014, the Honorable Thomas P. Griesa, before whom this matter was then pending, granted the Dismissed Defendants' motion to dismiss and denied Plaintiff's motion for default judgment against China. ECF No. 30. On April 18, 2014, Plaintiff appealed Judge Griesa's decision, ECF No. 31, and on July 27, 2016, the Second Circuit dismissed the appeal for lack of jurisdiction, ECF No. 49.

On June 3, 2017, Plaintiff filed a second motion for default judgment as to all of the Defendants except the Dismissed Defendants (the "Foreign Defendants" and China). ECF No. 63. The Foreign Defendants consist of: the Institute of Architecture, Design and Research, Chinese Academy of Science ("ADCAS") and its employee, Wan Wei; Geshan Construction Group Co. Ltd. ("Geshan") and its employee, Yifei He; Yefeng Construction Private Limited Company ("Yefeng") and its employee, YiMing He; BMDA Engineering PLC ("BMDA") and its employee, Balahager Ayalew; and Gungsha International Construction Company ("Gungsha"). Compl. § 2. On October 25, 2017, Judge Griesa denied Plaintiff's motion for default judgment because Plaintiff

---

[1] Plaintiff's company Prince Services International Inc. is also a named Plaintiff which purports to represent itself *pro se*. ECF No. 1 at 1. However, "[i]t has been the law for the better part of two centuries . . . that a corporation may appear in the federal courts only through licensed counsel." *Rowland v. Cal. Men's Colony, Unit II Men's Advisory Council*, 506 U.S. 194, 201–02 (1993).

(1) "failed to make a satisfactory showing of his asserted claim for $34 million against [] China . . . under the Foreign Sovereign Immunities Act," and (2) "has not met his burden of establishing his entitlement to default judgment against the [Foreign Defendants] because he has failed to demonstrate they were adequately served with process." ECF No. 67 at 20. Judge Griesa also certified that Plaintiff's previously dismissed claims against the Dismissed Defendants were final judgments for purposes of an appeal. *Id.* On November 20, 2017, Plaintiff appealed this order, ECF No. 69, and on May 3, 2018, the Second Circuit dismissed the appeal for failure to pay the filing fee, ECF No. 79.

On May 4, 2018, the case was reassigned to this Court's docket. The Court has reviewed the relevant documents in the case, and finds that the Court lacks subject matter jurisdiction over China and personal jurisdiction over the Foreign Defendants, as set forth below.

**DISCUSSION**

I. Legal Standard

*Pro se* plaintiffs receive special solicitude from courts. Courts must "liberally construe pleadings and briefs submitted by *pro se* litigants, reading such submissions to raise the strongest arguments they suggest." *Bertin v. United States*, 478 F.3d 489, 491 (2d Cir. 2007) (internal quotation marks and citations omitted). However, district courts must also police subject matter jurisdiction on their own initiative. Fed. R. Civ. P. 12(h)(3); *Lyndonville Sav. Bank & Trust Co. v. Lussier*, 211 F.3d 697, 700 (2d Cir. 2000) ("[F]ailure of subject matter jurisdiction is not waivable and may be raised at any time by a party or by the court *sua sponte*."). "[E]ven a *pro se* plaintiff must establish that the court has subject matter jurisdiction over the action." *Banks v. Labor Day Event*, No. 15 Civ. 5943, 2015 WL 6455286, at *1 (E.D.N.Y. Oct. 26, 2015).

Where, as here, one of the defendants is a foreign state who has not appeared in the action, a court must ascertain whether it has subject matter jurisdiction under the Foreign Sovereign Immunities Act of 1976, 28 U.S.C. § 1602 *et seq.* (the "FSIA"). *See Walters v. Indus. & Commercial Bank of China, Ltd.*, 651 F.3d 280, 287 (2d Cir. 2011) ("Although the FSIA's legislative history suggests that jurisdictional immunity is an affirmative defense which must be specially pleaded by the foreign sovereign, the Supreme Court has stated that because § 1330(a) subject matter jurisdiction turns on the existence of an exception to foreign sovereign immunity, . . . even if the foreign state does not enter an appearance to assert an immunity defense, a District Court still must determine that immunity is unavailable under the FSIA." (internal quotation marks and citations omitted)). "This requirement is consistent with the courts' independent obligation to consider the presence or absence of subject matter jurisdiction *sua sponte*." *Id.* (internal quotation marks and citation omitted). The Court, therefore, considers whether it has subject matter jurisdiction over China.

Similarly, where a plaintiff's filings raise questions as to whether a district court may permissibly exercise personal jurisdiction over a non-appearing defendant, the court may consider *sua sponte* whether the plaintiff has set forth facts justifying the assertion of personal jurisdiction. *See Sinoying Logistics Pte Ltd. v. Yi Da Xin Trading Corp.*, 619 F.3d 207, 213 (2d Cir. 2010) ("Because personal jurisdiction can be waived by a party, a district court should not raise personal jurisdiction *sua sponte* when a defendant has appeared and consented . . . to the jurisdiction of the court. But when a defendant declines to appear, . . . before a court grants a motion for default

2

judgment, it may first assure itself that it has personal jurisdiction over the defendant." (internal citations omitted)). Indeed, although it is an "open question" as to whether a court must conduct such an inquiry, *Eldesouky v. Aziz*, No. 11 Civ. 6986, 2014 WL 7271219, at *5 (S.D.N.Y. Dec. 19, 2014) (internal quotation marks and citation omitted), the Second Circuit has made clear that a district court "may first assure itself that it has personal jurisdiction over the [defaulting] defendant," before proceeding to enter a judgment against that defendant, *City of New York v. Mickalis Pawn Shop, LLC*, 645 F.3d 114, 133 (2d Cir. 2011) (quoting *Sinoying*, 619 F.3d at 213).

Because, here, the Foreign Defendants have not appeared in this action and Plaintiff previously sought the entry of default judgment against them, the Court "chooses to assess the personal jurisdiction of the non-appearing defendants in this case." *D'Amico Dry D.A.C. v. Primera Mar. (Hellas) Ltd.*, 348 F. Supp. 3d 365, 389 (S.D.N.Y. 2018); *see also Sinoying*, 619 F.3d at 213.

II. Analysis

A. China

The FSIA provides the sole basis for securing subject matter jurisdiction over a foreign state in federal court. *Reiss v. Societe Centrale Du Groupe Des Assurances Nationales*, 235 F.3d 738, 746 (2d Cir. 2000). Under the FSIA, a foreign state is immune from suit unless one of the statutory exceptions applies. *Id.* at 746–47. Once a defendant presents a prima facie case that it is a foreign sovereign, a plaintiff bears the burden of establishing that her claim falls within one of the statutory exceptions to sovereign immunity, while the ultimate burden of persuasion remains with the foreign state. *See Drexel Burnham Lambert Group Inc. v. Comm. of Receivers for Galadari*, 12 F.3d 317, 325 (2d Cir. 1993).

The statutory exceptions are essentially: (1) where the foreign state waives immunity; (2) where the action is based on a commercial activity by the foreign state carried on in the United States or has a direct effect in the United States; (3) where the action relates to the expropriation of property located in the United States; (4) where the action relates to property in the United States acquired by succession or gift; (5) where the action relates to a tort committed in the United States; (6) where the action relates to the enforcement of an arbitration agreement; and (7) where the action relates to personal injury or death caused by acts of torture, extrajudicial killing, aircraft sabotage or hostage taking. *See* 28 U.S.C. §§ 1605(a)(1)–(6), 1605A(a)(1).

It is undisputed that China is a foreign state under the FSIA. *See* 28 U.S.C. § 1603. As such, for the Court to have subject matter jurisdiction over China, Plaintiff must establish that one of the statutory exceptions to immunity exists. He fails to do so.

The complaint alleges only that Plaintiff is the President and Chief Executive Officer of a consulting firm, Prince Services International, Inc. ("PSI"). Compl. at 9.[2] In late 2008, Plaintiff traveled to China in an effort to recruit construction companies to work on a number of development projects for Ethiopian Airlines. *Id.* at 6, 14, 18. Plaintiff secured companies for the work, and PSI, Geshan, and ADCAS formalized the arrangement in a Consortium Agreement dated November 3, 2008. *Id.* at 20–25. Plaintiff claims that he was later cut out of the arrangements and was denied the agreed-upon compensation for his role in facilitating the deal. *Id.* at 6. Plaintiff's only allegation

---
[2] Except where otherwise noted, all citations to the complaint reference the ECF page numbers.

against China is that ADCAS is owned by the Chinese government. *See id.* § 5 ("I ask the court to request of the Chinese Government to honor this agreement because ADCAS is state owned company thus the govt of the Peoples Republic of China is liable for the company performance. I ask the Court to recommend the harshest of punishment that China can hand down on these Chinese defendants.").

On the basis of these allegations, therefore, the Court, finds that none of the exceptions apply. The first exception does not apply because China has not waived its right to immunity. The second exception does not apply because the action is not based on a commercial activity of the Chinese government carried on in the United States or which had a direct effect in the United States. At the outset, Plaintiff has not put forth any evidence to support his claim that the government of China owns ADCAS. The Consortium Agreement signed by PSI, Geshan, and ADCAS to construct the housing project for Ethiopian Airlines does not support Plaintiff's claim that ADCAS is owned by China. Instead, the Consortium Agreement defines ADCAS as a "corporation organized under the laws of People's Republic of China, with offices for the transaction of business at 118 South Hushu Road, Wenhui Mansion 17th Floor, City of Hangzhou, Province of Zhjiang, China 310014." *Id.* at 21. However, this is the same type of corporate information (albeit with a different address) as provided for Geshan, which Plaintiff does not allege is a state-owned company. *See id.* Moreover, the Consortium Agreement was to develop the Ethiopian Airlines housing project, which was "to be developed in Addis Ababa, Ethiopia," and not the United States. *Id.* at 55.

Nor does the third exception apply because the action does not relate to the expropriation of property located in the United States. The fourth exception does not apply because the action does not relate to property in the United States acquired by succession or gift. The fifth exception does not apply because the action does not relate to a tort committed in the United States, but rather, relates to an alleged breach of contract, where the contract was for a project in Ethiopia, and there are no allegations that it was negotiated or executed in the United States. The sixth exception does not apply because the action does not relate to the enforcement of an arbitration agreement. Finally, the seventh exception is inapplicable because the action does not relate to personal injury or death.

Because Plaintiff fails to establish that an exception to sovereign immunity exists, the Court finds that it lacks subject matter jurisdiction with respect to China, and, therefore, that the action against China must be dismissed.

B. Foreign Defendants

With respect to the Foreign Defendants, which are foreign companies and foreign individuals, the Court finds that it lacks personal jurisdiction over them. A court has personal jurisdiction over any defendant "who is subject to the jurisdiction of a court of general jurisdiction in the state where the district court is located." Fed. R. Civ. P. 4(k)(1)(A). In diversity or federal question cases, the court must have jurisdiction over the defendant under both the Due Process Clause and the state's long-arm statute. *Bensusan Rest. Corp. v. King*, 126 F.3d 25, 27 (2d Cir. 1997).

To satisfy the requirements of due process, a court must have either general or specific jurisdiction over a defendant. A court has general jurisdiction over a corporation where that corporation is "essentially at home in the forum State," which is usually where it is incorporated or has its principal place of business. *Daimler AG v. Bauman*, 571 U.S. 117, 139 (2014). Here, the complaint alleges that ADCAS, Geshan, and Gungsha's addresses are in China, Compl. at 4,

4

Yefeng's address is in Ethiopia, *id.*, BMDA is an Ethiopian Company with an address in Ethiopia and Washington D.C., *id.* at 4, 22, Yifei He, Gang Xiao, YiMing He, and Won Wei's addresses are in China, *id.* at 5, and Balahager Ayalew's address is in Maryland, *id.* This Court, therefore, lacks general personal jurisdiction over the Foreign Defendants.

Turning to specific jurisdiction, a court has specific jurisdiction over a defendant when the plaintiff's claim relates to the defendant's contacts with the state. *Kernan v. Kurz-Hastings, Inc.*, 175 F.3d 236, 242 (2d Cir. 1999). Whether there is specific personal jurisdiction involves a two-part inquiry. First, there must be sufficient contacts with the state. *Metro. Life Ins. Co. v. Robertson-Ceco Corp.*, 84 F.3d 560, 567 (2d Cir. 1996). Second, the exercise of jurisdiction must be reasonable. *Id.* at 568. In order to satisfy the "sufficient contacts" prong, the defendant must have "purposefully availed" itself of the forum state such that it "should reasonably anticipate being haled into court there." *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 474, 482 (1985). The purpose of this requirement is to ensure that a party is not forced to defend itself in a jurisdiction "solely as a result of random, fortuitous, or attenuated contacts." *Id.*

Here, Plaintiff alleges no contacts with New York, let alone sufficient contacts. Plaintiff is a New Jersey resident, suing over alleged contracts between his New Jersey company and other non-New York companies related to business in Ethiopia, Benin, and China. The agreements attached to the complaint contain forum selection clauses and choice of law provisions naming New Jersey, Compl. at 15, and China, *id.* at 24. Plaintiff, therefore, has not satisfied the "threshold showing of minimum contacts at the first stage of the inquiry." *Metro. Life Ins. Co.*, 84 F.3d at 568. Because Plaintiff has not satisfied the first part of the due process inquiry by showing that Foreign Defendants had sufficient minimum contacts with New York, the Court need not consider whether asserting personal jurisdiction based on those contacts is reasonable and "would comport with fair play and substantial justice." *Burger King*, 471 U.S. at 476 (internal quotation marks and citation omitted).

Accordingly, the Court finds that it lacks personal jurisdiction over the Foreign Defendants, and the claims against them must be dismissed.

## CONCLUSION

For the reasons stated above, the Court finds that it lacks subject matter jurisdiction over non-appearing Defendant China and personal jurisdiction over the non-appearing Foreign Defendants, and the claims against them must be dismissed. In light of Plaintiff's *pro se* status, however, the Court offers an opportunity to be heard. Accordingly, it is hereby ORDERED that by **June 5, 2019**, Plaintiff shall show cause in writing why this action should not be dismissed for lack of jurisdiction. If Plaintiff fails to respond within the time allowed, or fails to show good cause, the Court shall dismiss this action.

The Clerk of Court is directed to mail a copy of this order to Plaintiff *pro se*.

SO ORDERED.

Dated: May 15, 2019
      New York, New York

                                                                        ANALISA TORRES
                                                                     United States District Judge